Moss, Judge,
delivered the opinion of the court:
This case is submitted on a stipulation of facts, no evidence having been presented.
Plaintiff is suing for the recovery of $7,264.30 as the balance due plaintiff under certain contracts and purchase orders for certain supplies sold and delivered to the United *69 States Marine Corps, at agreed prices, in the year 1924. Defendant contends that plaintiff is indebted to the Government on account of overpayment by the Government on certain transactions occurring in the year 1918 amounting to $4,535.25.
The Government entered into an agreement with plaintiff and other milk manufacturers, effective from November 1, 1917, to December 31, 1918, a period of 14 months, for the sale of milk to the Army, Navy, and Marine Corps, known in the record as the “manufacturers’ agreement.” This agreement provided for the allowance of an average profit for the entire period of 14 months of 420 per case on evaporated milk and 590 per case on condensed milk.
Defendant contends that it overpaid plaintiff in the sum of $2,T02.80 on certain deliveries of evaporated milk, on the ground that plaintiff’s profits were in excess of the profits allowed by the agreement. It appears, however, that the average profit on the evaporated milk for the full period of 14 months was less than 420 per case. Plaintiff is entitled to this sum.
The manufacturers’ agreement provided that in orders placed after the 20th of the month the price for the month of designated delivery should control. On April 22, 1918, an order was issued for 7,500 cases of evaporated milk. The delivery was delayed, and was made in installments during the months of May, June, and July. Plaintiff was paid on the basis of the April price for 5,250 cases, the June price for 1,000 cases, and the July price for 1,250 cases, a total of $36,181.25. In a controversy between the parties growing out of this transaction it was later agreed that the May price should prevail, and on that basis plaintiff was overpaid in the sum of $2,581.25. Defendant is entitled to a credit in said amount.
Another item of $1,954 claimed by defendant grows out of the following transaction: On December 10, 1918, an order was issued for 2,000 cases of condensed milk at the price of $1.98 per case. It was delivered on December 23, 1918, and plaintiff was paid the contract price, $15,960. In attempting to arrive at the profit to be allowed plaintiff in this transaction the Government took as a basis for computing the *70 cost of this milk the average cost to plaintiff of the raw milk used at plaintiff’s plant during the entire year 1918. By this method plaintiff’s profit exceeded the 590 profit allowed by the manufacturers’ agreement, and amounted to $1,954 excess payment to plaintiff. This was the only order and delivery of condensed milk during the period in which the manufacturers’ agreement was operative. In such circumstances it was obviously improper to consider the average, cost to plaintiff of all the raw milk used by plaintiff for the entire year. The proper method for arriving at the profit in this isolated transaction was to deduct from the selling price the actual cost, which is easily ascertainable, of supplying this particular order. The profit based on actual cost was less than the profit of 590 allowed by the manufacturers’ agreement.
For the reasons hereinabove set forth plaintiff is entitled to recover $4,656.80, and it is so ordered.
Graham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.