MOHAWK CONDENSED MILK CO. v. UNIT-
ED STATES.

COLORADO CONDENSED MILK CO. v.
SAME.

Nos. H–234, J–126.

Court of Claims.

Nov. 3, 1930.

Robert N. Anderson, of Washington, D. C. (Chester A. Gwinn and Humphreys & Day, all of Washington, D. C., on the brief), for plaintiffs.

P. M. Cox, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Charles F. Kincheloe, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, and WILLIAMS, Judges.

LITTLETON, Judge.

These two cases were instituted to recover amounts growing out of overpayments of tax for 1917 and 1918, about which there is no controversy. The controversy in both cases is the same, and is whether plaintiffs are indebted to the United States for overpayments made to them for evaporated and condensed milk sold and delivered to the defendant for its military forces during the period November 1, 1917, to December 31, 1918.

The defendant filed a counterclaim in each case. Under these counterclaims it is the contention of the defendant that, under the agreement set forth in the findings, a profit of not more than 42 cents per case on evaporated and 59 cents per case on condensed milk was to be computed on sales to the Army, Navy, and Marine Corps separately; that the plaintiffs were overpaid in the amounts set forth in the notices mailed to them by the Comptroller General.

Plaintiffs deny these claims of the defendant.

There is no competent proof by the defendant to support the allegations of the counterclaims. The notices from the Comptroller General to the plaintiffs do not prove the correctness of the figures therein used. It appears that the Comptroller General's office obtained the figures shown in his notices from some one in the Federal Trade Commission, but there is no competent proof as to who compiled these figures or how they were arrived at. For the purpose of showing how the Comptroller General arrived at his figures the defendant offered in evidence certain sheets of paper containing certain totals and summaries which the Comptroller General certified that he had received from the Federal Trade Commission. No one who had anything to do with the preparation of these figures was called to testify as to their correctness or how they were arrived at. The defendant claims that these documents represented an audit on the basis of the Federal Trade Commission cost accounting, as set forth in a pamphlet issued by the Federal Trade Commission, of July, 1917, entitled "Uniform Contracts for Cost Accounting, Definitions and Method." There is no competent proof of this. This court will not accept certified copies as proof of facts as to the correctness of figures contained in documents certified by an official of the government who has received such documents from some other official, department, or commission. Certification of documents proves only the document itself, and permits its introduction in evidence without further proof of identification, but such certification does not establish as a fact the correctness of the statements or figures therein contained. When there is as here a controversy concerning the

correctness of the contents of such documents, such contents must be proved by the party relying thereon the same as other facts We cannot accept the sheets certified by the Comptroller General as proof of their contents or of the correctness of his determination.

Inasmuch as we have no competent evidence to establish the correctness of the figures for which the defendant contends, we cannot allow any portion of the counterclaim even if the theory of the defendant that the sales of evaporated and condensed milk to the departments of the military services were to be considered separately in arriving at the profit to be paid. While we are of the opinion that the contract was one for the sale of evaporated and condensed milk to the government and that, under its terms, the sales to the Army, Navy, and Marine Corps were to be considered collectively in ascertaining whether the manufacturers had made during the period an average profit of more or less than 42 cents per case on the evaporated milk and 59 cents per case on the condensed milk, Libby, McNeill & Libby v. United States, 65 Ct. Cl. 64, we need not discuss this feature, in view of the lack of competent proof by the defendant to support its counterclaims on its theory.

Judgment will therefore be entered in favor of the Mohawk Condensed Milk Company for $8,491.54, with interest at 6 per cent. from December 14, 1925, until paid. Act of March 3, 1875, 18 Stat. 481, section 227, USCA title 31.

Judgment will also be entered in favor of the Colorado Condensed Milk Company for $427.71, with interest at 6 per cent. from February 16, 1927, until paid. Act of March 3, 1875, 18 Stat. 481, section 227, USCA title 31, supra.

WHALEY, Judge, did not hear this case and took no part in the decision thereof.